# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES J. JONES,

        Petitioner,                 Case No. 2:20-cv-5504

v.                                    **District Judge Michael H. Watson**
                                        **Magistrate Judge Michael R. Merz**

WARDEN, Noble
  Correctional Institution,

        Respondent.

## OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner James Jones ("Jones") pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Objections, ECF No. 20, to the Magistrate Judge's Substituted Report and Recommendations "R&R," ECF No. 17.

A litigant who objects to a Magistrate Judge's report and recommendations on a dispositive matter is entitled to *de novo* review of those portions of the report and recommendations to which substantial objection is made. Fed. R. Civ. P. 72(b)(3). This opinion embodies results of the District Judge's *de novo* review.

The R&R contains a history of this litigation. Jones has copied that history into his Objections, but interpolated factual statements without giving any record source for those asserted facts. ECF No. 20, PAGEID ## 407-08. The Court can only consider facts supported by the State Court Record. *Cullen v. Pinholster*, 563 U.S. 170 (2011). For that reason, the Local Rules require citation to the place in the State Court Record where

factual assertions are supported. When ordering an answer in this case, Magistrate Judge Deavers provided "All papers filed in the case thereafter by each party shall include record references to the PAGEID number." Order, ECF No. 2, PAGEID # 19.

The Objections next purport to set out the two Grounds for Relief. ECF No. 20, PAGEID ## 408-09. However, the statement of grounds for relief in the Objections is not the same as set forth in the Petition. The R&R quotes verbatim the grounds for relief as they appear in the Petition. ECF No. 17, PAGEID # 395, quoting Petition, ECF No. 1, PAGEID ## 5, 7. A habeas petitioner is limited to the grounds for relief pleaded in his original Petition unless he requests and receives permission to amend the petition. 28 U.S.C. § 2242. Jones has never sought or received such permission and cannot "amend" his grounds for relief merely by changing them in objections to an R&R.

I. Ground One: Ineffective Assistance of Counsel

In his First Ground for Relief, Jones claims he received ineffective assistance of trial counsel when his trial attorney, Steven Nolder, failed to file a motion to suppress the evidence seized as a result of three searches. The R&R concluded, at the urging of Respondent, that this claim was procedurally defaulted because Jones never took a direct appeal to the Ohio Tenth District Court of Appeals. R&R, ECF No. 17, PAGEID ## 398-400. The Magistrate Judge relied on the Ohio rule, adopted in *State v. Perry*, 10 Ohio St. 2d 175 (1967), that claims of ineffective assistance of trial counsel which can be decided on the record on direct appeal must be raised in those proceedings or be later barred by *res judicata*.

Jones now argues the Fourth Amendment claims he now makes could not have been raised on direct appeal because "The actual character of the pretrial discovery

material in [sic] which Jones relies were not attached to any motions or introduced as exhibits in a proceeding in open court." Jones does not identify what this "pretrial discovery material" is. To the extent he is relying on the search warrants that were attached to his petition for post-conviction relief, they were certainly in the records of the state court and would undoubtedly have been introduced in evidence in the suppression hearing if Jones had not cut that process short by pleading guilty. In any event, they would have been available to his appellate attorney in constructing the record on appeal and thus could have been argued in support of an ineffective assistance of trial counsel claim against Attorney Nolder on direct appeal for omitting the grounds for suppression Jones now argues.

The R&R also concluded Jones waived his Fourth Amendment claims and his claim that Attorney Nolder provided ineffective assistance in presenting those claims by pleading guilty. R&R, ECF No. 17, PAGEID # 400-01. Petitioner now argues that "even though Jones pleaded guilty, he only abandoned the issues raised in the motions to suppress that were filed." Obj., ECF No. 20, PAGEID # 411 (citing *Stone v. Powell*, 428 U.S. 465 (1976)). *Stone* certainly does not stand for that proposition. As the R&R notes, Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266.

Jones next objects that *res judicata* does not apply to ineffective assistance of trial counsel claims at all if no direct appeal is taken. Obj., ECF No. 20, PAGEID # 412 (relying on *Jamison v. Collins*, 100 F. Supp. 2d 521 (S.D. Ohio 1998) (Spiegel, D.J.)). In that

capital case, Judge Spiegel held that the failure to raise certain claims on direct appeal was excused by the fact that the trial attorney continued to represent Jamison on appeal and could not be expected to raise his own ineffectiveness as na assignment of error. *Jamison* is completely inapposite.

Jones concedes Attorney Nolder filed not one but two motions to suppress but claims that, instead of showing competent representation, it shows Nolder was "working with the State." Obj., ECF No. 20, PAGEID # 415). There is no evidence to support this conspiracy theory.

Jones complains the Magistrate Judge's reference to Attorney Nolder's work as the former Federal Defender for this District is irrelevant and shows that the Magistrate Judge is biased toward Nolder. *Id.* at 416. The Court disagrees. Attorney Nolder's work is well known to all the judges of this Court; reference to that work does not show bias but serves to bolster the presumption of competent performance required by *Strickland v. Washington*, 466 U.S. 668 (1984). The Court is also not persuaded that the arguments Jones believes Attorney Nolder should have presented are stronger than the claims actually raised in the motions to suppress Nolder filed.

Jones repeats his argument that the affidavit in support of the first search warrant for June 16, 2018, stated only probable cause to believe a federal criminal offense had been committed and therefore had to comply with Federal Rules of Criminal Procedure 41. Obj., ECF No. 20, PAGEID # 425 (relying on *United States v. Townsend,* 394 F. Supp 736 (E.D. Mich. 1975)). As the R&R points out, *Townsend* deals with a federal search warrant issued by a state court judge to seize evidence to be presented in federal court, not, as here, a state court warrant to seize evidence to be presented in a state court

prosecution, ECF No. 17, PAGEID # 403. Ohio judges are under no compulsion to comply with Federal Rule of Criminal Procedure 41 when issuing search warrants for evidence to be presented, as this evidence was, in Ohio courts.

## II. Ground Two: Lack of Subject Matter Jurisdiction

In his Second Ground for Relief, Jones asserts that the state magistrate who issued the search warrant that resulted in seizure of the evidence used against him lacked subject matter jurisdiction to issue that warrant because it was premised on federal probable cause but executed only by state officers.

The R&R concluded this claim was procedurally defaulted on the same basis as Ground One and waived by Jones' guilty plea. ECF No. 17, PAGEID # 403. The R&R also concluded the claim was without merit because the court which entered the conviction, the Franklin County Court of Common Pleas, had subject matter jurisdiction of the crimes with which Jones was charged. *Id.*

In his Objections, Jones repeats his *res judicata* arguments from Ground One and asserts, without any analysis, that *Townsend* is on point. The Court disagrees for the reasons given above as to *res judicata* and for the reasons stated in the R&R as to *Townsend*.

## III. Conclusion

Having reviewed the Substituted R&R *de novo* in light of the Objections, the Court **OVERRULES** the Objections and **ADOPTS** the Substituted R&R. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and

should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT