# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAMES J. JONES,

        Petitioner,    :    Case No. 2:20-cv-5504

 - vs -        District Judge Michael H. Watson
        Magistrate Judge Michael R. Merz

WARDEN, Noble
  Correctional Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

      This habeas corpus case is before the Court on Petitioner's Motion to Amend the Judgment (ECF No. 27). As a post-judgment motion, it is deemed referred to the Magistrate Judge for report and recommendations. 28 U.S.C. § 636(b)(3).

      For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp*., 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

      A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Although Petitioner cites the correct standard at the beginning of his

1

Motion, he then proceeds to reargue, on the same authorities presented before, the merits of his case.

The Court has held that Petitioner's First Ground for Relief – ineffective assistance of trial counsel for failure to file a motion to suppress – was procedurally defaulted because it was not raised on direct appeal, even though the Tenth District Court of Appeals held it could have been (Opinion and Order, ECF No. 25, PageID 482-83).  The instant Motion continues to confuse a claim that the underlying searches were unlawful (which could not have been raised on direct appeal because no motion to suppress was filed) with a claim, which could bave been raised on direct appeal, that trial counsel provided ineffective assistance when he did not file that motion.  There is no error of law in the Court's ruling on the First Ground for Relief.

Jones next asserts the Court erred in finding his guilty plea barred his Petition because he had not moved to withdraw the plea or asserted its invalidity on appeal (Opinion and Order, ECF No. 25, PageID 483-84).  Jones demurs, citing his "Petition for Post-Conviction Relief pursuant to R.C. 2953.21 or, in the Alternative, Motion to Withdraw Plea Pursuant to Crim. R. 32.1" (State Court Record, ECF No. 4, Ex. 23).  That document with exhibits is more than forty pages long.  The vast bulk of it is devoted to arguing Petitioner's claim that trial counsel was ineffective for not filing a motion to suppress.  At the very end Jones wrote

> The judgment must be vacated and set aside. Such substantial defects are not technical, but are so fundamental as to cast serious doubt on the *voluntariness* of the Petitioner-Defendant's plea, which calls into question the validity of his plea, and requires reversal and remand so that he may plead anew or stand trial.

*Id.* at PageID 221.

This language does not require amendment of the judgment.  At the time he pleaded guilty, Jones knew of the circumstances of under which evidence against him had been obtained and he

knew that his attorney had not filed a motion to suppress, yet he pleaded guilty. The fact that he did not yet know of the decision in *United States v. Townsend*, 394 F. Supp 736 (E.D. Mich. 1975), on which he grounds so much of his argument for suppression did not render his guilty plea involuntary.

Petitioner did not timely appeal. In his Motion for Delayed Appeal, the vast bulk of the document was devoted to his suppression argument. In the conclusion he wrote:

> The judgment must he vacated and set aside. Such substantial defects are not technical, but are so fundamental as to cast serious doubt on the *voluntariness* of the Appellant's plea, which calls into question the validity of his plea, and requires reversal and remand so that he may plead anew or stand trial.

(State Court Record, ECF No. 4, Ex. 6, PageID 67).

As can be seen, these two paragraphs are verbatim copies of one another, to the point of italicizing "voluntariness." Neither one constitutes an argument – as opposed to a mere conclusory assertion -- that the guilty plea was not knowing, intelligent, and voluntary.

The Court has already dealt at length with Petitioner's *Townsend* lack of subject matter jurisdiction claim. Nothing in the instant Motion suggests that analysis is in error.

**Conclusion**

Because Petitioner has shown no error of law in the Court's Opinion and Order, his Motion to Amend the Judgment should be denied.

August 20, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.