**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JAMES J. JONES,**

             **Petitioner,**           **Case No. 2:20-cv-5504**

    **v.**                          **Judge Michael H. Watson
Magistrate Judge Merz**

**WARDEN, Noble
  Correctional Institution,**

             **Respondent.**

### OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections, ECF No. 31, to the Magistrate Judge's Report and Recommendations ("R&R"), ECF No. 28, recommending denial of Petitioner's Motion to Alter or Amend the Judgment, ECF No. 27.

Under Federal Rule of Civil Procedure 72(b)(3), a litigant who objects to a Magistrate Judge's R&R on a dispositive motion, such as a motion under Federal Rule of Civil Procedure 59(e), is entitled to *de novo* review by a District Judge of those portions of the R&R to which substantial objection is made.  The Court has conducted that review, and this Opinion and Order embodies the results.

Petitioner expressly agrees with the standard for deciding a Rule 59(e) motion set forth in the R&R.  Obj., ECF No. 31, PAGEID # 505.  However, he argues the Magistrate Judge's findings of fact are contrary to clear and convincing

evidence. *Id.* at 506.  In particular, he objects to the Magistrate Judge's finding that the Tenth District Court of Appeals held Petitioner's First Ground for Relief—ineffective assistance of trial counsel for failure to file a motion to suppress—could have been raised on direct appeal.  Obj., ECF No. 31, PAGEID # 506 (citing R&R, ECF No. 28 at PAGEID # 500).  In fact, Petitioner argues, the Magistrate Judge's finding is contrary to this Court's own finding in the decision on the merits.  *Id.* at PAGEID # 506 (citing Opinion and Order, ECF 25 at PAGEID # 483).

Petitioner misunderstands this Court's holding in the Opinion on the merits. The Court and the Magistrate Judge agree, and have agreed throughout, that Petitioner could not have raised on direct appeal the asserted deficiencies in the grounds for the searches.  The reason he could not was that his trial attorney had made no record.  But his claim that his trial attorney provided ineffective assistance when she did not make that record was available on direct appeal.  Therefore, as the Tenth District, the Magistrate Judge, and the Court have all held, Petitioner procedurally defaulted on this claim when he did not file a timely notice of appeal.

Petitioner next claims the Magistrate Judge erred in finding Petitioner knew of the "underlying discrepancies in the searches" at the time he pleaded guilty. Obj., ECF No. 31 at PAGEID # 507 (citing R&R, ECF No. 28 at PAGEID # 500). What the Magistrate Judge actually wrote is that "[a]t the time he pleaded guilty, Jones knew of the **circumstances** under which evidence against him had been obtained.  *Id.*  As Jones has repeatedly stated in the course of these proceedings and states again in his current Objections, the first search warrant was based on

evidence seized in the warrantless search, and the second search warrant was based on what was seized in executing the first search warrant. The relevant search warrant affidavits certainly were available to Petitioner and his counsel before he pleaded guilty, so it is at least a fair inference that Petitioner knew what was in those affidavits. As the R&R points out, the fact that Petitioner may not have known of the decision in *United States v. Townsend*, 394 F. Supp 736 (E.D. Mich. 1975), before pleading guilty is immaterial. Petitioner's theory based on *Townsend* is without merit, but even if it were on point, the fact that a person pleading guilty is not aware of a district court decision in another district which he later argues applies to his case does not render his plea involuntary.

Petitioner continues to complain that neither this Court nor the state courts have ever dealt with the "underlying deficiencies" in the searches. That is because Petitioner procedurally defaulted in presenting those claims to the state courts. "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020) (citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018)).

Based on the foregoing analysis, Petitioner's Objections, ECF No. 31, are **OVERRULED**, and the Magistrate Judge's R&R, ECF No. 28, is **ADOPTED**. Petitioner's Motion to Alter or Amend the Judgment, ECF No. 27, is **DENIED**.

IT IS SO ORDERED.

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT